Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 1032 | **DATE** | September 30, 2004 |
| **CASE TITLE** | United States v. Watzman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion of the defendant for reconsideration of this court's order denying his Motion to Quash Search Warrant and Suppress Evidence Seized and for a _Franks_ hearing [51-1] is denied. ENTER MEMORANDUM OPINION.

(11) _____ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| X | Notices MAILED by judge's staff. | | OCT 01 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | (Reserved for use by the Court) | |

03-1032.003                                          September 30, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 03 CR 1032
                                 )
H. MARC WATZMAN,                 )
                                 )
            Defendant.           )

DOCKETED
OCT X 1 2004

## MEMORANDUM OPINION

The defendant has moved for reconsideration of this court's order denying his Motion to Quash Search Warrant and Suppress Evidence Seized. He makes two points. First, the affidavit for the search warrant failed to establish probable cause to believe a crime had been committed because it referred to pornographic images of what "appear to be" real children rather than images that were of real children. Second, the affidavit failed to reveal to the magistrate judge that no "hash" analysis had been performed on images from the websites in question to determine whether they were of real children. This second point goes to the question of probable cause as well as defendant's contention that the government was guilty of bad faith, justifying a Franks evidentiary hearing.

We disagree with both of these arguments. Even with a hash test of the kind the defendant suggests, we do not see how it could

71

ever be established with certainty that the images sought in the warrant would be of real children. The images sought would not necessarily have been produced in the same way as those subjected to the hash test. But even granting that a hash test might affect the probability that the images to be sought in the search would be of real children, we decline the defendant's invitation to rule as a matter of law that a hash test is a prerequisite to a search warrant in this kind of case. The government would not be free to conceal from the magistrate information showing a high probability that the images would be virtual rather than actual, but that is not what happened here. Assuming the hash information later obtained would have shown a lack of probable cause had it been obtained before the warrant was applied for, the fact is that it was not obtained until later, and there is no indication that the government intentionally avoided acquiring the information that the hash analysis disclosed.[1]

We think the analogy to drug cases, suggested by the defendant, is relevant. Defendant is correct that "[s]earch warrants are not permitted based upon an agent seeing a bag of white powder on a kitchen table." (Defendant's Reply at 6.) But that is not what an affiant in a drug case will say. Rather, he will say that he purchased white powder from the defendant on

---

[1] Nor, in our view, does defendant's proposed inquiry into such a possibility justify a Franks hearing.

several occasions, paying the usual price for cocaine, and that when he recently left the defendant's premises, there were similar bags of white powder on the kitchen table. Such an affidavit would usually justify the issuance of a warrant even though it does not describe a chemical analysis which proved the white powder to be cocaine. The government would have to prove at trial, of course, that the substance was cocaine,[2] just as the government in the instant case will have to prove that the images found at defendant's premises were of actual children.[3] But, like the drug case, we think the circumstances set forth in the affidavit here were sufficient to justify the inference that the defendant was accessing images of real children. The possibility that they were virtual images could be greater than the possibility that the white powder was flour or milk sugar, but not enough to preclude probable cause.

The defendant's motion to reconsider, and for a Franks hearing, is denied.

---

[2] A fact usually stipulated to.

[3] We assume this is what the government intends to prove. If this is not correct, the government should file, by October 13, 2004, a statement indicating the nature of the images it intends to offer as evidence and its theory as to why they violate the statute upon which the superceding indictment is predicated.

DATED:     September 30, 2004

ENTER:     _____
           John F. Grady, United States District Judge