IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 CR 1032 |
| ) | Judge John F. Grady |
| H. MARC WATZMAN, ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF FILING

**FILED**
DEC 3 0 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To: **By Hand Delivery**
Virginia M. Kendall
Monika L. Bickert
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

**PLEASE TAKE NOTICE**, that on this 30th day of December, 2004, the undersigned filed or caused to be filed with the Clerk of the District Court for the Northern District of Illinois, at Chicago, Illinois, the following Defendant's Memorandum of Law in Response to the Court's December 8, 2004 Order, a copy of which is hereby served upon you.

_____
CLARKE T. DEVEREUX, One of the
Attorneys for Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 913-9300



## CERTIFICATE OF SERVICE

**CLARKE P. DEVEREUX**, attorney at law, hereby certifies that on December 30, 2004, he served, or caused to be served, the foregoing pleading on the following attorney of record by hand delivery:

Virginia M. Kendall
Monika L. Bickert
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

_____
CLARKE P. DEVEREUX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 03 CR 1032 | |
| | ) | Judge John F. Grady | |
| H. MARC WATZMAN, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**FILED DEC 3 0 2004**

**MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT**

## DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S DECEMBER 8, 2004 ORDER

Following colloquy at the *Daubert* hearing concerning the question of whether the defendant could be found guilty of an attempt to receive or possess child pornography even if the government is unable to prove that the still photos were photos of real children, on December 8, 2004 the Court, *sua sponte*, issued its order discussing the Seventh Circuit's opinion in *United States v. Johnson*, 376 F. 3d 689 (7th Cir. 2004). The Court concluded that *Johnson* appeared to be the law of the Circuit which, therefore, would support the government's contention at the *Daubert* hearing that its proposed evidence in regard to the still photos would be sufficient to establish an attempt even without evidence that real children were used. The Court directed counsel to file a memorandum if they believe that *Johnson* is distinguishable from this case. This memorandum necessarily follows in that counsel are of the firm opinion that *Johnson* is readily distinguishable; and that to permit the government to prove an attempt to possess or receive child pornography without proof beyond a reasonable doubt that the images were of real children would eviscerate the Supreme Court's opinion in *Ashcroft v. Free Speech Coalition*, 535 U.S. 243, 122 S.Ct. 1389 (2002), and, therefore, violate the First Amendment.

90

*Johnson* is a July 2004 Seventh Circuit opinion authored by Judge Manion where the Court acknowledged at the outset that the Defendant-Appellant's position was "somewhat confusing and difficult to follow." 376 F.3d at 693, footnote 5. The opinion then went on to pose the issues in the form of questions that appear at first glance to be on all fours to the issue at hand.[1] However, a more detailed factual analysis of *Johnson* along the mind numbing legal analysis of the law of attempt and its relationship between factual and legal impossibility,[2] leads to a different conclusion.

In *Johnson*, the defendant was convicted of the charge of attempt to *produce* (not possess) child pornography in violation of 18 U.S.C. §§ 2251(a) and (d), in a police sting operation where an undercover officer posed as a minor — a classic example of "factual" impossibility. Johnson performed every action possible to commit the offense of producing child pornography including internet communications with the supposed minor in which he expressed a desire to videotape her while they were having sex, and going so far as arriving at a pre-arranged location armed

---

[1] *Johnson's* Footnote 5 which poses the questions reads in its entirety as follows:
"Johnson's argument concerning the indictment language is somewhat confusing and difficult to follow. We consider Johnson's argument, therefore, in two parts. We discuss first whether, under the law of attempt, a defendant can be convicted of an attempt to manufacture child pornography where commission of the completed offense would be impossible because the intended performer was not a minor. If the answer to this question is yes, the language at issue in the indictment would be permissible. We also address, in the context of the constitutionality of § 2251, whether the First Amendment prohibits the criminalization of an attempt to manufacture child pornography where there is no minor performer but only an adult posing as a minor. If the answer to this question is yes, Johnson's actions would not be subject to prosecution regardless of the language of the indictment."

[2] *See, e.g., Berrigan*, 482 F.2d at 187 (explaining , "indeed, even a decision to analyze impossibility on the basis of what is generally described as the two categories of factual impossibility and legal impossibility presents serious problems unless conceptual distinctions between the two labels are recognized and respected."); *United States v. Farner*, 251 F.3d 510, 512 (5th Cir. 2001) (explaining, "the distinction between factual and legal impossibility is elusive at best.") citing *United States v. Everett*, 700 F.2d 900, 905 (3d Cir. 1983) (stating "the doctrine has become a source of utter frustration and a morass of confusion."); and *United States v. Kai-Lo*, 982 F.Supp 1022 (E.D. Pa. 1997) (stating "the defendant's argument raises the intricate distinction between the defenses of factual and legal impossibility.").

with a camera only then to discover that the minor was in fact a female police officer. *Id.* at 691. Comparing these facts to a 1994 case upholding the conviction of defendants who plotted to kill an informant who turned out not to exist,[3] Judge Manion reiterated the long standing rule that "futile attempts because of factual impossibility are attempts still the same." *Johnson, at* 694.

In that *Johnson* was decided on the basis of factual rather than legal impossibility, it is important to attempt to comprehend the admittedly elusive differences between factual and legal impossibility.[4] Factual impossibility occurs when the objective of the defendant is proscribed by criminal law, but a circumstance unknown to the actor prevents him from bringing about the objective. *United States v. Oviedo*, 525 F.2d 881, 883 (3d Cir. 1976). *See also United States v. Berrigan*, 482 F.2d 171, 187-88 (3d Cir. 1973) and *United States v. Frazier*, 560 F.2d 884, 888 (8th Cir. 1977). Caselaw examples of factual impossibility include, among others: where a pickpocket finds the prospective robbery victim's pocket is empty, *People v. Fiegelman*, 91 P.2d 156 (Cal. App. 4th dist. 1939); where a shooter attempts to kill a person and shoots in an area where the intended victim is not located, *People v. Lee Kong*, 30 P. 800 (Cal. 1892); where a person attempts to shoot another, but the gun is not loaded, *State v. Damms*, 100 N.W.2d 592 (Wis. 1960); where an impotent person attempts rape, *Waters v. State*, 234 A.2d 147 (MD. App. 1967). In the Seventh Circuit, as in most places, factual impossibility is not a defense to the charge of attempt. *United States v. Coffman*, 94 F.3d 330 (7th Circuit 1996), *United States v. Green*, 511 F.2d 1062 (7th Cir. 1975).

---

[3] *United States v. Cotts,* 14 F.3d 300, 307 (7th Cir. 1994).

[4] See, Footnote 2, *supra.*

3

However, legal impossibility as opposed to factual impossibility is, and always has been, a defense to the charge of attempt; and it is this distinction that separates Watzman's case from *Johnson*. As Judge Posner stated as recently as 1996 in *Coffman, supra*, "[i]f the [attempt] could not succeed because the completed act at which the defendant aimed is not criminal . . . then a defense of impossibility will lie; it is not a criminal attempt to try to do what the criminal law does not forbid you to do." *Coffman*, 94 F. 3d at 333. Paraphrasing this concept for our purposes then, the defense of impossibility lies for Watzman since, assuming no proof of "actual" minors, it is not a criminal attempt to try to possess or receive images of "virtual" minors.

Caselaw examples of legal impossibility include the following: where the defendant believes that he is receiving stolen property, receives it, but the property is not in fact stolen, *People v. Jaffe*, 78 N.E. 169 (N.Y. App. Div. 1906); when a person intends to shoot a deer illegally, but the deer turns out to be stuffed, *State v. Guffey*, 262 S.W.2d 152 (Mo. App. 1953); where the defendant intends to bribe a juror who is not really a juror, *State v. Taylor*, 133 S.W. 2d 336 (Mo. App. 2d Div. 1939); and where the defendant has intercourse with someone who he believes is unconscious but turns out instead that she is dead, *United States v. Thomas*, 32 C.M.R. 278 (Armed Forces App. 1962). In all of these albeit ridiculous and somewhat far fetched examples, the defendants believed that they were committing crimes. However, their actions, regardless of their intent, could not be said to be criminal.

Like it or not, therefore, even if a defendant has the "motive, desire, and expectation" to commit a crime, "there is intention to perform a physical act," and "there is a performance of the intended physical act," if the consequences from the act do not constitute a crime, a person cannot be convicted. *United States v. Berrigan*, 482 F. 2d 171, 188 (3d Cir. 1973); *See e.g.*

4

*United States v. Frazier*, 560 F. 2d 884, 888 (8th Cir. 1977) (holding "legal impossibility refers to those situations in which the intended acts, even if successfully carried out, would not amount to a crime, and this is true even though the defendant believes his scheme to be criminal."); and *United States v. Karaouni*, 379 F. 3d 1139, 1145 (9th Cir. 2004) (holding "[a] defendant may not be convicted . . . [for a] crime, when the actions that he believed to be unlawful, did not, in fact, violate any statute."). The same legal principle is clearly enunciated in *Wharton's* well respected treatise on criminal law stating, "it is fundamental that the conduct which is not penally prohibited does not become criminal simply because the actor believed his conduct constituted a crime." Charles E. Torcia, 1 *Wharton's Criminal Law* § 79 (15th ed., 1993).[5]

Finally, and interestingly enough, the same principle is also set forth in a 1928 Harvard Law Review article relied upon by the Seventh Circuit in *Cotts, supra*, which, in turn, plays a prominent role in the *Johnson* opinion. *See Johnson, supra,* at 376 F.3d 693. While articles as dense as this might be as much of the problem as the solution, and serve to keep law professors

---

[5] *See also* the rather well quoted hypothetical put first by Wharton and then modified by Professors Kadish and Paulsen, set forth in an article authored by Paul H. Robinson, Professor of Law at Rutgers University School of Law:

> "Lady Eldon intends to purchase French lace and smuggle it back into England without paying the customs duty. The customs officer at Dover brings it to light. He then says to Lady Eldon: 'Lucky for you you returned to England today rather than yesterday. I just received word this morning that the government has removed French lace from the duty list.'
>
> To punish Lady Eldon for an attempt would be to punish her for an attempt to consummate an act that, even under the circumstances as she believed them to be, was not in fact a crime. Such liability would be in violation of the legality principal. As Professor Williams explains:
>
>> [I]f the legislature has not seen fit to prohibit the consummated act, a mere approach to consummation should *a fortiori* be guiltless. Any other view would offend against the principle of legality; *in effect the law of attempt would be used to manufacture a new crime, when the legislature has left the situation outside the ambit of the law.*" *Criminal Law Defenses; Ch. 3, §85, Inchoate Offenses and Complicity – Impossibility Defense;* Westlaw (Treatise) 1 Crim. L. Def. §85, p.4 (emphasis added).

in the business of torturing law students, at least this part of the message is clear: "If none of the consequences which the defendant sought to achieve constitutes a crime, surely his unsuccessful efforts to achieve his object cannot constitute a criminal attempt. The partial fulfillment of an objective not criminal cannot itself be criminal. If the whole is not criminal the part cannot be." Francis B. Sayre, *Criminal Attempts*, 41 Harv. L.Rev. 821, 839 (1928).

Thus it seems to counsel that if the government cannot prove that the still images in question are of real children, it matters little what Watzman may have wanted to accomplish. Either the images are of real children or they are not. If they are not, the images simply cannot be said to constitute a violation of 18 U.S.C. 2252A(a)(5)(B) and (b)(2). *See Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. August 16, 2004) ("[The] receipt of virtual child pornography is not illegal, citing *Ashcroft, supra..*") This is particularly poignant with respect to the First Amendment implications the Supreme Court warned of in *Ashcroft*; *i.e.*, "[t]he government cannot constitutionally premise legislation on the desirability of controlling a person's . . . thoughts." 535 U.S. at 254, citing *Stanley v. Georgia*, 394 U.S. 557, 566 (1969).

Counsel suggest, therefore, that the Court's instincts at the *Daubert* hearing were correct. Notwithstanding *Johnson, Raney*, or any other creative approach the government uses to attempt to avoid the constitutional ambit of *Aschroft*, obviating the need to prove that the still images are of actual children would no doubt turn *Aschcroft* on its head. Thus, counsel would continue to insist, as set forth in Defendant's previously filed Motion *In Limine*, that the government be barred from presenting into evidence any still image that has not been authenticated as the image of an actual child.

Respectfully submitted,

_____
THOMAS ANTHONY DURKIN,

_____
CLARKE P. DEVEREUX, Attorneys for
Defendant.

**DURKIN & ROBERTS**
53 West Jackson Boulevard, Suite 615
Chicago, Illinois 60604
(312) 913-9300

7