# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 CR 1032 |
| H. MARC WATZMAN, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

The court has considered the briefs of the parties filed subsequent to the order of December 8, 2004, and is still of the view that this case is controlled by United States v. Johnson, 376 F.3d 689, 693-94 (7th Cir. 2004). In short, the doctrine of legal impossibility is inapplicable. The defendant is charged with attempting to receive actual child pornography. If completed, this would be a criminal act, and therefore the attempt would be criminal. If the photos turn out to be "virtual" children, or actual adults, defendant would still be criminally responsible for the attempt, provided he intended to receive pornographic photos of actual children. The critical question is whether what the defendant intends to do is criminal; if it is, and he acts on that intention, it makes no difference that circumstances make completion of the criminal act impossible, as, for instance, when the photos the defendant thought would be pornographic photos of

real children turn out to be photos of adults or virtual children.

The point is illustrated by the recent Seventh Circuit case of In re Nettles, No. 04-4104, 2005 WL 120505 (7th Cir. Jan. 21, 2005). The issue on appeal was whether the trial judge should have recused herself in a case where the defendant was charged with attempting to bomb the Dirksen Courthouse. The defendant allegedly arranged to obtain explosives from one undercover FBI agent and to sell them to another undercover agent who pretended to be a terrorist bent on destroying the building. Whether this constituted an attempt was not the issue in the case, so the Court had no occasion to discuss it. But the significant thing about the opinion for our purposes is that it assumes the defendant's alleged conduct would constitute an attempt, despite the following observation: "Of course the actual threat to the Dirksen Courthouse was nil because Nettles's accomplices were federal agents. 2005 WL 120505, at *2.

The indictment here charges an attempt to obtain photos of actual children, and at this stage of the proceeding the court has no reason to believe the government will be unable to present evidence sufficient to create a jury question as to whether this was the defendant's intent. Accordingly, defendant's motion in limine to bar the government from presenting still photos that have not been authenticated as images of actual children is denied.

DATED:     January 27, 2005

ENTER:    _____
          John E. Grady, United States District Judge