03-1032.006                                                    February 7, 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03 CR 1032 |
| H. MARC WATZMAN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The court has under advisement the defendant's motion to dismiss the second superceding indictment for vindictive prosecution. The theory of his motion is that the second superceding indictment was returned only after he had refused the government's offer to plead guilty to a possession charge carrying a five-year minimum penalty. The second superceding indictment contains a new charge of money laundering, Count XI, which defendant views as possibly involving a sentencing range "in the vicinity of twenty (20) years." (Def. Mot. at 5-6.)

Defendant argues that "[a]dding an additional fifteen years of sentencing exposure for having the audacity to suggest going to trial is vindictive prosecution at its most blatant." Id. at 6.

Language can be found in various cases which would seem to suggest that adding more serious charges in an effort to induce a guilty plea to a lesser charge amounts to vindictive prosecution,

a due process violation. However, the weight of authority is clearly to the contrary. It is permissible for the prosecution to use more serious charges as a means of attempting to induce pleas of guilty to lesser charges (provided, of course, that there is a basis for the more serious charge). The case of <u>Bordenkircher v. Hayes</u>, 434 U.S. 357 (1978) involved a fact situation very similar to the one in this case. During plea negotiations, a Kentucky prosecutor threatened to have the defendant reindicted on a more serious (habitual criminal) charge if he did not plead guilty to the original charge. The defendant refused, was convicted on the habitual criminal charge and the case wound up before the Supreme Court on a claim of vindictive prosecution. The similarity of the cases is highlighted by the following statement:

> It is not disputed that the recidivist charge was fully justified by the evidence, that the prosecutor was in possession of this evidence at the time of the original indictment, and that Hayes' refusal to plead guilty to the original charge was what led to his indictment under the habitual criminal statute.

<u>Id.</u> at 359.

The Court rejected the defendant's claim of vindictive prosecution and stated:

> To hold that the prosecutor's desire to induce a guilty plea is an "unjustifiable standard," which, like race or religion, may play no part in his charging decision, would contradict the very premises that underlie the concept of plea bargaining itself.

* * * *

> We hold only that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment.

Id. at 364-65.

The Court did place emphasis on the fact that the threat of the more serious charge was made during the plea negotiations, id. at 360, whereas in the instant case the second superceding indictment was returned without notice to the defendant. But we are unable to see how this should make a difference, assuming the opportunity to plead to the lesser charge is still open to the defendant and has not been withdrawn in retaliation for his refusal of the offer.[1]

In United States v. Goodwin, 457 U.S. 368 (1982), a misdemeanor charge was increased to a felony charge after the defendant made a jury demand. The Supreme Court rejected his claim of vindictive prosecution and made the following comments:

> If a prosecutor could not threaten to bring additional charges during plea negotiation, and then obtain those charges when plea negotiation failed, an equally compelling argument could be made that a prosecutor's initial charging decision could never be influenced by what he hoped to gain in the course of plea negotiation. Whether "additional" charges were brought originally and dismissed, or merely threatened during plea negotiations, the prosecutor could be accused of using those charges to

---

[1]/ We will refer to this question again later in this opinion.

>induce a defendant to forgo his right to stand trial. If such use of "additional" charges were presumptively invalid, the institution of plea negotiation could not survive. Thus, to preserve the plea negotiation process, with its correspondent advantages for both the defendant and the State, the Court in <u>Bordenkircher</u> held that "additional" charges <u>may</u> be used to induce a defendant to plead guilty. Once that conclusion was accepted, it necessarily followed that it did not matter whether the "additional" charges were obtained in the original indictment or merely threatened in plea negotiations and obtained once those negotiations broke down.

<u>Id.</u> at 378-79 n.10.

The defendant admits that he is unable to demonstrate prosecutorial vindictiveness at the present time but he seeks discovery from the government in order to establish it. However, in order to justify discovery the defendant must show a "colorable basis" for the claim of vindictive prosecution. It must rise "beyond the level of unsupported allegations." <u>United States v. Heidecke</u>, 900 F.2d 1155, 1159 (7th Cir. 1990). All the defendant has shown is an increase in the charges following his rejection of an offer to plead guilty to a lesser offense. In light of <u>Bordenkircher</u> and <u>Goodwin</u>, this is clearly not a colorable basis for a claim of vindictive prosecution.

Defendant also seeks an evidentiary hearing. Before that would be allowed, the defendant would have to make a <u>prima facie</u> showing of [vindictive prosecution] by "specific, detailed, and material facts." <u>United States v. Utecht</u>, 238 F.3d 882, 887 (7th Cir. 2001). The defendant has not done that, and no evidentiary hearing would be appropriate at this time.

If the defendant were to make a prima facie showing of vindictive prosecution, then the burden would shift to the government "to come forward with evidence that the motivation behind the charges was proper." United States v. Bullis, 77 F.3d 1553, 1559 (7th Cir. 1996). For that to happen, something other than increasing the charges to induce a plea of guilty would have to be shown. Defendant has not suggested anything, but one possibility occurs to us. If, for instance, the defendant were now to offer to plead guilty to the lesser charge that carries a five-year minimum penalty, and the government were to refuse that offer and insist on pursuing the money laundering charge, that might shift the burden to the government to show that the second superceding indictment was not brought in retaliation for the defendant's refusal to plead to the lesser charge. That bridge will be crossed if and when it is reached.

**CONCLUSION**

The defendant's motion to dismiss the second superceding indictment for vindictive prosecution, his motion for discovery and his motion for an evidentiary hearing are all denied.

DATED:      February 7, 2005

ENTER:      _____
            John F. Grady, United States District Judge